```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
            FILED
        SEP 1 2 2007
   JOHN F. CORCORAN, CLERK
   BY:
        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JONATHAN LEE RICHES,** ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00427 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **VENUS WILLIAMS, et al.,** ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a Virginia prisoner proceeding pro se, filed this complaint which the court will construe as an action pursuant to 42 U.S.C. § 1983. As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis and deny that request.

According to court records, Riches has had three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Riches may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

---

[1] See Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007). The court notes, that in his last case before this court, Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007), the court advised Riches that he had two strikes against him, however, it has been brought to the court's attention that he received an additional strike from Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006). Accordingly, Riches has at least three strikes against him.

[2] Riches names tennis players Venus and Serena Williams, their father Richard Williams, the "U.S. Open," and "poltergeist" as defendants to his action. He claims that defendants Venus and Serena Williams are "reaching through the T.V. set to grab [him] during the U.S. Open," in an "attempted coup of [his] mind." He also alleges that the poltergeist is "roaming our airwaves and CB radio." He states that Richard Williams has had a "beef with [him] since the Nixon era" and that "he still rents summer homes from Randy Weaver." Riches claims that the tennis balls used in the U.S. Open are "electrons and neurons stolen from [his] head." He alleges that the defendants also "took Van Gogh paintings from [him]." He further alleges that Serena Williams "put the knife in Monica Seles shoulder" in 1999 and that he taught Venus Williams how to play table tennis in the county jail in 2004. Finally, he claims that the defendants told him that "they want to eat [his] head for supper" and that they want to "learn identity theft from [him]." As relief,
(continued...)

1

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 12th day of September, 2007.

/s/
United States District Judge

---

IN THE UNITED STATES DISTRICT COURT

---

²(...continued)
Riches asks the courts to "withdraw the Williams sisters from any more tennis tournaments" and, pursuant to Fed. R. Civ. P. Rule 64, "seize U.S. Open tennis balls [and] bring [his] neurons back [to him]."

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous . . . ." § 1915(e)(2)(B)(i). Fantastical or delusional claims are clearly baseless and, thus, are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989). In this case, Riches' allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally or federally protected right. Therefore, the court finds that his complaint is frivolous.

³ The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaint.